IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLEN RIPPLEY,

        Plaintiff,

    vs.

TEAMSTERS LOCAL #525, TEAMSTERS
#50, and NATIONAL LABOR RELATIONS
BOARD REGION #14,

        Defendants.

Case No. 12-cv-261-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant National Labor Relations Board Region #14's ("the Board") motion to dismiss (Doc. 36) plaintiff's complaint to which plaintiff has failed to file a response.

Plaintiff filed his *pro se* employment discrimination complaint against defendants on March 26, 2012, in which he alleges various claims stemming from defendants Teamsters Local #525's and Teamster #50's failure to refer plaintiff for a job.  With respect to the Board, plaintiff specifically alleges as follows:

> [The Board's] investigator Kelly Holderman and Regional Director Claude T. Harrel Jr. conspire together to allow racially motivated union activity to take place since June 27, 2011 and has allowed illegal unfair job referral to take place and ignore their duties to regulate non-discriminatory activities in union referral employment also ignoring Executive Order 11246 of Civil Rights Act 1964 and 1991 of Federal office of contract compliance programs to enforce minority and women's right to be referred and work.  Defendants operate on Federal funds and are also held to Executive order 11246.

Doc. 1, p. 3.  In its motion to dismiss, the Board alleges that plaintiff's complaint should be dismissed pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.      Federal Rule of Civil Procedure 12(b)(1) Motion

The Board first asserts that this Court lacks subject matter jurisdiction to review its refusal to issue a complaint.  *See* Fed. R. Civ. P. 12(b)(1).  The Board's General Counsel's "decisions whether to file a complaint are prosecutorial."  *NLRB v. United Food and Commercial Workers Union, Local 23*, 484 U.S. 112, 125 (1987).  The National Labor Relations Act provides for review of adjudications of unfair labor practice charges, "[b]ut it plainly cannot be read to provide for judicial review of the General Counsel's prosecutorial function."  *Id.* at 129; 29 U.S.C. § 160.  As the Seventh Circuit has declared, "the principle that the decision by the General Counsel of [the Board] not to file an unfair labor practices complaint is not judicially reviewable is a bedrock principle of labor law."  *Sparks v. NLRB*, 835 F.2d 705, 707 (7th Cir. 1987); *see also Slaughter v. Fred Weber, Inc.*, 570 F. Supp. 1054 (S.D. Ill. 2008).  Accordingly, to the extent that plaintiff's complaint requests this Court review the Board's decision to decline to issue a complaint as a result of any unfair labor practices charges brought by plaintiff, plaintiff's complaint is dismissed.

## II.     Federal Rule of Civil Procedure 12(b)(6) Motion

Next, the Board argues that, to the extent plaintiff alleges the Board violated various federal antidiscrimination laws, his complaint must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-moving] party's favor."  *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  The complaint must "contain sufficient factual matter, accepted as true to 'state a claim to relief that

is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

First, plaintiff's complaint suggests a Title VII claim in that he alleges that women are not offered jobs (Doc. 1, p. 3); however, he did not check the "Sex (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)" box under the "Jurisdiction" section of his "Employment Discrimination Complaint" form.  Nevertheless, "[t]he United States has waived its sovereign immunity under Title VII only where there is a direct employer-employee relationship or where an application for employment with a federal agency is involved."  *Walls v. Miss. State Dep't of Pub. Welfare*, 730 F.2d 306, 323 (5th Cir. 1984); 42 U.S.C. § 2000e-16(a).  Plaintiff does not allege that he is an employee of or made application to be an employee of the Board.  Accordingly, to the extent plaintiff's complaint alleges a violation of Title VII, his complaint is dismissed.

Second, the Board alleges the portion of plaintiff's complaint alleging the Board violated 42 U.S.C. § 1981 must be dismissed for failure to state a claim.  Section (c) of 42 U.S.C. § 1981 provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment *under color of State law*.  42 U.S.C. § 1981(c) (emphasis added); *see also Davis v. U.S. Dept. of Justice*, 204 F.3d 723, 725-26 (7th Cir. 2000).  The Board's prosecutorial function, however, stems from a federal grant of power.  *See* 29 U.S.C. § 160.  Thus, the acts plaintiff complains of took place under color of *federal* law and are not actionable under § 1981.  Accordingly, the Court dismisses plaintiff's complaint to the extent he makes a claim under 42 U.S.C. § 1981 against the Board.

Third, the Board asserts that plaintiff's complaint alleging a violation of Executive Orders 11246 and 11375 must be dismissed for failure to state a claim.  Executive Orders 11246

and 11375 prohibit federal entities from contracting with third parties that discriminate on the basis of certain protected classes.  Plaintiff has not suggested that the Board has contracted with another party that discriminated against him on the basis of a protected class.  Accordingly, the Court dismisses plaintiff's claim to the extent it alleges violations of Executive Orders 11246 and 11375 against the Board

Finally, plaintiff alleges a violation of section 503 of the Rehabilitation Act, which requires certain federal contracts to "contain a provision requiring that the party contracting with the United States shall take affirmative action to employ and advance in employment qualified individuals with disabilities."  29 U.S.C. § 793(a).  Plaintiff alleges neither an applicable contract nor that he has a disability.  Accordingly, to the extent plaintiff alleges a violation of section 503 of the Rehabilitation Act against the Board, his complaint is dismissed.

## CONCLUSION

The Court **GRANTS** the Board's motion to dismiss (Doc. 36).  Because there are no claims remaining against the Board, the Court **DISMISSES** the Board from this case.

**IT IS SO ORDERED.**

**DATED:** October 17, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4